IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DWIGHT SARGENT, JR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-16-4044 |
| TIMOTHY FAG and REV. LONG | * | |
| | * | |
| Defendants | | |

\*\*\*

**MEMORANDUM**

On December 19, 2016, plaintiff Dwight Sargent, Jr., a resident of Terre Haute, Indiana, filed the above-entitled civil rights complaint along with a motion to proceed in forma pauperis. Because he appears to be indigent, the motion shall be granted. For the reasons stated below, the complaint must be dismissed.

Sargent, a self-represented plaintiff, alleges that on December 9, 2016, he was evicted from the Conner Homeless Shelter by Reverend Long because he asked another resident why he lied about Sargent. ECF 1 at p. 3. Sargent states that he explained to Long that he had no family in Terre Haute to stay with, but Long made him leave despite the cold weather. *Id*. He seeks unspecified compensatory damages for pain and suffering. *Id*.

Absent from the instant complaint is any basis for finding that proper venue lies in the District of Maryland. All parties reside in Indiana and the alleged misconduct occurred in Indiana. Under 28 U.S.C. § 1391(b), a civil action that is not founded on diversity of citizenship may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, except as otherwise provided by law.

Where, as here, a complaint has been filed in the wrong venue, this court may either transfer the case to the appropriate venue or dismiss the complaint.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Given that Sargent alleges the events giving rise to suit occurred on December 9, 2016, it is unlikely that dismissal without prejudice of this complaint will prohibit him from pursuing his claim in the appropriate venue.  This court makes no judgment as to the merits of his claim.

A separate order follows.

January 3, 2017                                 _____/s/_____
                                                James K. Bredar
                                                United States District Judge